BALTAZAR RESPICIO, Claimant-Appellee, *v.* WAIALUA SUGAR COMPANY, Employer-Appellant (Self-Insured)

NO. 8412

CASE NO. AB 78-115
(2-74-21197)

JANUARY 20, 1984

LUM, C.J., PADGETT, HAYASHI AND WAKATSUKI, JJ.,
AND INTERMEDIATE COURT OF APPEALS
ASSOCIATE JUDGE WALTER M. HEEN, IN PLACE OF
NAKAMURA, J., DISQUALIFIED

OPINION OF THE COURT BY LUM, C.J.

The question presented by this appeal is whether the Labor and Industrial Appeals Board's finding that an injury to one finger constitutes a hand disability under H.R.S. § 386-32(a)[1] is clearly

---

[1] H.R.S. § 386-32(a) provides in pertinent part:
*Partial disability.* (a) Permanent partial disability. Where a work injury causes permanent partial disability the employer shall pay the injured worker a weekly benefit at the rate of sixty-six and two-thirds per cent of his average weekly wages,

erroneous. Based on the trend away from exclusive application of comprehensive schedules in the area of workers' compensation law, we find there is sufficient evidence in the record to support the Board's finding.

In September 1974 Baltazar Respicio injured his right index finger while employed as a cane cutter by Waialua Sugar Co. (Waialua Sugar). Although he returned to work, he suffered difficulty performing his duties due to the impaired grip of his right hand. Attempted performance of other jobs at Waialua Sugar also proved painful. He filed for permanent partial disability benefits with the Department of Labor and Industrial Relations, which awarded him benefits for injury to his finger. Respicio appealed to the Appeals Board, arguing disability should be for the hand. The Appeals Board decided that Respicio did sustain a permanent partial disability in the amount of 13% of the right hand. The Appeals Board relied upon Respicio's testimony of hand grip weakness and

---

subject to the limitations on weekly benefit rates prescribed in section 386-31, for the period named in the schedule as follows:

\* \* \* \*

First finger. For the loss of a first finger, commonly called index finger, forty six weeks.

\* \* \* \*

Hand. For the loss of hand, two hundred and forty-four weeks.

\* \* \* \*

Loss of use. Permanent loss of the use of a hand, arm, foot, leg, thumb, finger, toe or phalanx shall be equal to and compensated as the loss of a hand, arm, foot, leg, thumb, finger, toe, or phalanx;

Partial loss or loss of use of member named in schedule. Where a work injury causes permanent partial disability resulting from partial loss of use of a member named in this schedule, and where such disability is not otherwise compensated in this schedule, compensation shall be paid for a period which stands in the same proportion to the period specified for the total loss or loss of use of such member as the partial loss or loss of use of that member stands to the total loss or loss of use thereof;

More than one finger or toe of same hand or foot. In cases of permanent partial disability resulting from simultaneous injury to the thumb and one or more fingers of one hand, or to two or more fingers of one hand, or to the great toe and one or more toes other than the great toe of one foot, or to two or more toes other than the great toe of one foot, the disability may be rated as a partial loss or loss of use of the hand or the foot and the period of benefit payments shall be measured accordingly. In no case shall the compensation for loss or loss of use of more than one finger or toe of the same hand or foot exceed the amount provided in this schedule for the loss of a hand or foot.

its adverse effect on his job performance, and upon medical evidence,[2] in finding a hand disability.

In this appeal, Waialua Sugar raises the issue of whether H.R.S. § 386-32(a) limits benefits to the schedule amount for an injured finger, as opposed to hand disability benefits, where only one finger of a hand is injured. This case presents an issue of first impression in the interpretation of H.R.S. § 386-32(a).

Hawaii's workers' compensation statute is to be accorded beneficent and liberal construction in favor of the employee, to fulfill the humanitarian purposes for which it was enacted. *Treloar v. Swinerton and Walberg Co.*, 65 Haw. 423, 433, 653 P.2d 420, 427 (1982). The two goals of workers' compensation law are to restore the injured employee and to compensate the employee adequately. Riesenfeld, *Study of Workmen's Compensation Law in Hawaii,* Legislative Reference Bureau at 28 (1963).

Waialua Sugar argues that the enactment of a schedule by the legislature specifying amounts for injury and loss of use of different parts of the body is an indication of legislative intent that such a schedule is the exclusive mode of compensation. We reject this line of argument and instead follow the trend departing from the exclusiveness of scheduled allowances. This trend is in line with the general rationale in workers' compensation law that where a primary injury arises in the course of employment, every natural consequence flowing from that injury is also compensable. 2 Larson, *Workmen's Compensation Law,* § 58.21 (1982). Benefits will be limited to schedule amounts if the loss is "clean cut", *i.e.,* where there are no complications to other parts of the body. *Id.* at §§ 58.22 and 58.23. However, there are also cases where the trend departing from exclusive application of schedule amounts is applied even where injury to a body part causes mental, as well as physical disability, *e.g., Berger v. Hahner, Foreman & Cale, Inc.,* 506 P.2d 1175 (Kan. 1973) (claimant suffered functional loss of an eye and was granted total disability, instead of schedule amount for loss of one eye because of the psychiatric problems caused by the eye loss).

Loss of a smaller member may be treated as a percentage loss of a larger member if the effects of the loss extend to other parts of the

---

[2] A doctor who examined Respicio in 1977 found that ". . . the resultant weakness of grip strength of the right hand is due entirely to dysfunction of the index finger."

body. *Avondale Mills Inc. v. Tollison,* 289 So.2d 621 (Ala. 1974). The *Tollison* court ruled that the scheduled allowance for the lost member would not be exclusive. *Id.* at 624. The employee was allowed loss of use of hand benefits where part of her ring finger had to be amputated as the result of a work injury, because of the hand grip loss and pain suffered.

In Louisiana, benefits for loss of use of hand were allowed where the claimant suffered loss of use of his left index finger. *Mullins v. National Food Stores, Inc.,* 175 So.2d 19 (La. App. 1965). Louisiana cases subsequent to *Mullins* emphasized the need for medical evidence in the record showing that the injury to the smaller member actually caused the loss of use of the larger member, to allow extension beyond scheduled allowances. *Harrison v. Abry Bros., Inc.,* 350 So.2d 278 (La. App. 1977); *Newell v. U.S. Fid. & Guar. Co.,* 368 So.2d 1158 (La. App. 1979).

There is substantial medical evidence in the record here to support the Appeals Board's finding of a hand disability caused by the work injury to Respicio's index finger. Considering the beneficent purposes behind workers' compensation, and the general trend toward non-exclusive application of scheduled allowances, we hold that the Appeals Board properly awarded loss of use of hand benefits, as there was medical evidence in the record to support it.

Affirmed.

*Wesley M. Fujimoto (Robert S. Katz,* with him on the briefs; *Torkildson, Katz, Jossem & Loden,* Attorneys at Law) for employer-appellant.

*Hideki Nakamura (Wayson Chow,* with him on the brief; *King & Nakamura,* of counsel) for claimant-appellee.