942 P.2d 539

**Deborah M. ALVAREZ, Claimant–Appellant,**

v.

**LIBERTY HOUSE, INC., Employer–Appellee,**

**and**

**Gab Business Services, Inc., Adjuster–Appellee.**

**No. 19472.**

Supreme Court of Hawaiʻi.

July 23, 1997.

Christopher R. Evans, on the brief, Honolulu, for Claimant–Appellant.

Laurie E. Keeno (Roland Q.F. Thom with her on the brief of Char Hamilton Campbell & Thom), on the briefs, Honolulu, for Employer–Appellee and Adjuster–Appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

The issue in this appeal is the timeliness of a claimant's appeal of the Director of Labor and Industrial Relations' (DLIR) decision to the Labor and Industrial Relations Appeals Board (LIRAB).[1] We are asked to decide if

---

1. Hawai'i Revised Statutes (HRS) § 386–87(a) (1993) provides:

A decision of the director shall be final and conclusive between the parties, except as provided in section 386–89, unless within twenty

a motion to reopen a case for newly discovered evidence pursuant to Hawai'i Revised Statutes § 386–89(a) (1993) [2] tolls the twenty-day period within which a claimant must appeal the DLIR's decision. We hold that it does.

## I. *BACKGROUND*

On December 8, 1994, claimant-appellant Deborah M. Alvarez filed a claim for workers' compensation benefits, alleging that she sustained a psychiatric stress injury on August 8, 1994, arising out of and in the course of·her employment with Liberty House, Inc. Liberty House and GAB Business Services, Inc., Liberty House's insurance adjuster, denied the claim.

On May 17, 1995, the Department of Labor and Industrial Relations, Disability Compensation Division, held a hearing to determine compensability of the claim. On August 17, 1995, the DLIR issued a decision denying Alvarez's claim for workers' compensation benefits. In response, on August 30, 1995, Alvarez filed a motion to reopen the case to permit the introduction of newly discovered evidence, and for a revised decision. The motion was denied on September 5, 1995.

On September 11, 1995, Alvarez appealed from the DLIR's August 17, 1995 decision dismissing her claim, and the September 5, 1995 decision denying her motion to reopen the case to the LIRAB. By Decision and Order dated December 1, 1995, the LIRAB dismissed the appeal as untimely under HRS § 386–87(a). The LIRAB concluded:

> In the instant case, Claimant's appeal was filed five (5) days late. The decision was sent to the parties on August 17, 1995, and Claimant's appeal was filed on September 11, 1995, five days after the due date for filing. Accordingly, the mandato-

ry nature of HRS § 386–87(a), requires dismissal of this appeal.

Alvarez timely filed this appeal.

## II. *STANDARD OF REVIEW*

Appeals taken from administrative agency rulings are governed by the Hawai'i Administrative Procedure Act, HRS chapter 91 (1993). HRS § 91–14(g) provides:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

 Under HRS § 91–14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); findings of fact are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6). *Smith v. State Dep't of Labor & Indus. Relations,* 80 Hawai'i 150, 153, 907 P.2d 101, 104 (1995).

## III. *DISCUSSION*

The LIRAB concluded that Alvarez's appeal was untimely under HRS § 386–87(a):

> sent to each party, the director of labor and industrial relations may open the case upon the director's own motion or upon the application of any party to reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision.

days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department. . . .

2. HRS § 386–89(a) provides:

In the absence of an appeal and within twenty days after a copy of the decision has been

In the instant case, Claimant's appeal was filed five (5) days late. The decision was sent to the parties on August 17, 1995, and Claimant's appeal was filed on September 11, 1995, five days after the due date for filing. Accordingly, the mandatory nature of HRS § 386-87(a), requires dismissal of this appeal.

We disagree.

█ "It is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning." *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.*, 76 Hawai'i 454, 461, 879 P.2d 1037, 1044–45 (1994) (citations omitted). Moreover, "[i]n interpreting a statute, we give the operative words their common meaning, unless there is something in the statute requiring a different interpretation." *Id.* Additionally, we must read the language of a statute in the context of the entire statute and in a manner consistent with its purpose. *State v. Mezurashi*, 77 Hawai'i 94, 97, 881 P.2d 1240, 1243 (1994). Departure from the literal construction of a statute is justified only if such a construction yields an absurd and unjust result obviously inconsistent with the purposes and policies of the statute. *Ross*, 76 Hawai'i at 461, 879 P.2d at 1044.

█ It is also well-accepted that a remedial statute is to be "construed liberally in order to accomplish the purpose for which it was enacted." *Flores v. United Air Lines, Inc.*, 70 Haw. 1, 12, 757 P.2d 641, 647 (1988). We have held that "Hawaii's workers' compensation statute is to be accorded beneficent and liberal construction in favor of the employee, to fulfill the humanitarian purposes for which it was enacted." *Respicio v. Waialua Sugar Co.*, 67 Haw. 16, 18, 675 P.2d 770, 772 (1984). These purposes are (1) to restore the injured employee, and (2) to compensate the employee adequately. *Id.*

█ Applying the foregoing principles of statutory construction, we hold that HRS § 386-89(a) tolled the time limitations for filing an appeal to the LIRAB under HRS § 386-87(a).

HRS § 386-87(a) plainly and unambiguously states that "[a] decision of the director shall be final and conclusive between the parties, *except as provided in section 386-89.* ..." (Emphasis added.) HRS § 386-89(a), in turn, provides that "in the absence of an appeal, ... the director of labor and industrial relations may ... reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision." A director's decision obviously cannot be "final and conclusive" while the HRS § 386-89 motion to reopen is pending because HRS § 386-89 clearly states that the director's decision is subject to revision in the event the motion to reopen is granted. Accordingly, it follows that the twenty-day time limitation to appeal does not commence until the DLIR formally denies an HRS § 386-89 motion.

Our interpretation is consonant with the two remedial purposes of the workers' compensation statute, i.e., to restore the injured employee and to compensate the employee adequately. *See Ross*, 76 Hawai'i at 462, 879 P.2d at 1045. To read HRS § 386-89 as not tolling the HRS § 386-87 time limitation would be contrary to the goals of the workers' compensation statute and would unjustly result in a technical forfeiture of the claimant's right to appeal a DLIR's decision to the LIRAB. Otherwise, as in this case, a claimant who files a HRS § 386-89 motion could lose his or her right to appeal the DLIR's decision if the DLIR takes longer than twenty days to render its decision. The legislature could not have intended such a result. *See State v. Malufau*, 80 Hawai'i 126, 137, 906 P.2d 612, 623 (1995) ("[t]he legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction[,] and illogicality") (citation and internal quotation marks omitted).

## IV. CONCLUSION

Accordingly, we hold that, construing HRS §§ 386-87 and -89 according to their com-

mon meaning, § 386–89 tolls the twenty-day time limitation to file an appeal under § 386–87. As such, we vacate the LIRAB's deci- sion and remand this case for further pro- ceedings consistent with this opinion.