LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29537

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROLINE ENOCENCIO, Claimant-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES,
Employer-Appellee, Self-Insured

APPEAL FROM THE LABOR AND INDUSTRIAL
RELATIONS APPEALS BOARD
(CASE NO. AB 2004-062(H) (1-98-10303))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Claimant-Appellant Caroline Enocencio (Enocencio) appeals from the Decision and Order (D&O) filed on December 2, 2008 by the Labor and Industrial Relations Appeals Board (LIRAB). LIRAB dismissed Enocencio's appeal to it as untimely.

On appeal, Enocencio argues that Hawaii Revised Statutes (HRS) § 386-89(a) & (c) (1993) applies and excuses her failure to meet the 20-day deadline for filing an appeal with LIRAB under HRS § 386-87 (1993).[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Enocencio's points of error as follows:

(1) HRS § 386-89(a) is inapplicable because Enocencio filed her Motion to Reopen Work Injury Case (Motion to Reopen) after the twenty-day filing window had expired. HRS § 386-89(a) provides:

§386-89 **Reopening of cases; continuing jurisdiction of director.** (a) In the absence of an appeal and within twenty days after a copy of the decision has been sent to

---

[1] We discern this argument from the "Statement of the Case" and "Conclusion--Relief Sought" sections of Enocencio's brief.

> each party, the director of labor and industrial relations may upon the director's own motion or upon the application of any party reopen a case to permit the introduction of newly discovered evidence, and may render a revised decision.

A motion to reopen filed within twenty days of an official decision tolls the twenty-day filing deadline for appeals under § 386-87. <u>Alvarez v. Liberty House, Inc.</u>, 85 Hawaiʻi 275, 278-79, 942 P.2d 539, 542-43 (1997). However, because Enocencio did not file her Motion to Reopen within the twenty-day window, her argument that her Motion to Reopen tolled the filing deadline fails.

(2) Enocencio is not entitled to relief pursuant to HRS § 386-89(c) because she does not present substantial evidence of a change or mistake relating to her physical condition. HRS § 386-89(c) provides:

> (c) On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation, whether or not a decision awarding compensation has been issued, or at any time prior to eight years after the rejection of a claim, review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation.

Although Enocencio meets the timing requirements of HRS § 386-89(c), she fails to meet her statutory burden of proof. Enocencio argues that the exhibits attached to her Motion to Reopen present "compelling and substantial medical evidence" of her "current health and well-being." The exhibits include seven x-rays allegedly of her neck, shoulder, and spine and two reports explaining the findings and impressions of the x-rays. The findings in the Final Report for "CR CERVICAL SPINE COMP" indicate:

> Findings: Five views of the cervical spine reveals moderate degeneration of the C5-6 disc space with mild ventral and posterior osteophyte formation. In addition, there is moderate right-sided joint of Luschka osteophyte best seen in the frontal projection and mildly deforming the right neuroforamina. The left neuroforamina is widely patent without significant osteophyte formation. The remainder of

> the neuroforamina are well maintained. The base of the
> odontoid is intact.
>
> Although the disc spaces are well maintained, the C4
> vertebral body is minimally anteriorly subluxed with respect
> to C5. The facet joints do not appear to be degenerated and
> this likely represents sequela of early disc degeneration.
> There is some minimal osteophyte arising off the superior
> margin of C5 consistent with ventral disc protusion.

Enocencio did not explain these findings, and there was no affidavit from a medical doctor explaining the findings submitted in support of her Motion to Reopen. Enocencio merely stated in her motion that this "new evidence [provides] . . . medical proof that her condition has grown worse in [the] 5 year and 3 month span which the [State of Hawaii, Department of Human Resources], Employer-Appellee, had failed to process her claim."

Therefore,

IT IS HEREBY ORDERED that the Decision and Order filed on December 2, 2008 by the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawaiʻi, February 17, 2010.

On the briefs:

Caroline Enocencio,
Claimant-Appellant, pro se.

James E. Halvorson and
Jeffrey A. Keating,
Deputy Attorneys General,
for Employer-Appellee.

Chief Judge

Associate Judge

Associate Judge

3