Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001059
30-OCT-2015
09:16 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

---o0o---


ROBERT G. IRVING,
Claimant-Appellant,
v.
OCEAN HOUSE BUILDERS dba NAN, INC.,
Employer-Appellee,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier-Appellee


NO. CAAP-14-0001059


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2011-321 (2-10-46885))


OCTOBER 30, 2015


NAKAMURA, C.J., FOLEY AND GINOZA, JJ.


OPINION OF THE COURT BY FOLEY, J.

Claimant-Appellant Robert G. Irving (**Irving**) appeals from the July 17, 2014 "Order Denying Claimant's Motion to Modify the Decision and Order dated June 16, 2014 and Motion for Attorney's Fees" of the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, Irving contends the LIRAB erred in: (1) denying his June 26, 2014 "Motion to Modify the Decision and Order Dated June 16, 2014 and Motion for Attorney Fees" (**Motion**

for Modification and Attorney Fees); (2) not designating Employer-Appellee Ocean House Builders, dba Nan, Inc., and Insurance Carrier-Appellee First Insurance Company of Hawaii, Ltd. (together, **Employer**) as cross-appellants; (3) not concluding that Irving was the prevailing party on Employer's cross-appeal; and (4) denying attorney fees to Irving pursuant to Hawaii Revised Statutes (**HRS**) § 386-93 (Supp. 2014).

## I.  BACKGROUND[1]

Irving was employed as a safety officer trainee for Nan, Inc.  On October 25, 2010, Irving fell and sustained injuries to his left wrist in the form of a sprain, to his left elbow in the form of a lateral epicondylitis, and to his low back in the form of a strain.  Employer denied liability for the injury.

On June 30, 2011, the Director of Labor and Industrial Relations (**Director**) found that the October 25, 2010 incident arose out of and in the course of Irving's employment.  According to the Director, "the [October 25, 2010] accident resulted in a temporary aggravation of [Irving's] pre-existing low back condition which resolved by April 18, 2011."  The Director found the accident resulted in injuries to Irving's left wrist and left elbow, injuries which resolved as of February 14, 2011.  The Director awarded medical care, services, and supplies up to February 14, 2011 for the left wrist and left elbow, and up to April 18, 2011 for the low back.

On July 18, 2011, Irving appealed the Director's decision "solely as it relates to the issue of limitation of temporary total disability and/or treatment received after April 18, 2011 and that [Irving] had no permanent disability or disfigurement resulting from the [October 25, 2010] accident." The LIRAB scheduled an initial conference on October 14, 2011. At the conference, Employer raised the additional issue for appeal of whether Irving sustained a personal injury arising out

---

[1]     This factual background is excerpted from the LIRAB's Findings of Fact which are undisputed on appeal.

2

of and in the course of employment on October 25, 2010.[2]

On June 16, 2014, the LIRAB issued its Decision and Order. The LIRAB clarified the issues on appeal:

> a. Whether [Irving] sustained a personal injury involving his left wrist, left elbow, and low back on October 25, 2010, arising out of and in the course of employment.
>
> b. Whether Employer is liable for, and [Irving] is entitled to, medical care, services and supplies for his left wrist and left elbow after February 14, 2011 and for his low back after April 18, 2011.
>
> c. Whether [Irving] sustained any permanent partial disability as a result of the work injury of October 25, 2010. If so, what is the extent of permanent partial disability.

The LIRAB concluded:

> CONCLUSIONS OF LAW
>
> 1. . . . .
>
> Given the foregoing, the [LIRAB] concludes that [Irving] sustained a personal injury involving his left wrist, left elbow, and low back on October 25, 2010, arising out of and in the course of employment.
>
> . . . .
>
> 2. With regard to the question of whether Employer is liable for, and [Irving] entitled to, medical care, services and supplies for his left wrist and left elbow after February 14, 2011 and for his low back after April 18, 2011, the [LIRAB] concludes that such issue cannot be determined at this time.
>
> . . . .
>
> 3. The [LIRAB] concludes that [Irving] did not sustain any permanent partial disability as a result of the work injury of October 25, 2010. [Irving's] left wrist, left elbow, and low back conditions resolved without any permanent impairment or permanent disability.

Irving filed his Motion for Modification and Attorney Fees on June 26, 2014. The LIRAB denied the motions on July 17, 2014.

## II.  STANDARD OF REVIEW

### A.  Administrative Rulings

HRS § 91-14(g) (2012 Repl.) provides:

---

[2]     Although a transcript of the pretrial conference is not contained in the record on appeal, this fact is undisputed by Employer.

> (g)    Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)    In violation of constitutional or statutory provisions; or
> >
> > (2)    In excess of the statutory authority or jurisdiction of the agency; or
> >
> > (3)    Made upon unlawful procedure; or
> >
> > (4)    Affected by other error of law; or
> >
> > (5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

See Tauese v. State, Dept. of Labor and Indus. Relations, 113 Hawai'i 1, 25, 147 P.3d 785, 809 (2006). Conclusions of law fall within subsections (1), (2), and (4), and are reviewed de novo under the right/wrong standard. Id. (citing Potter v. Hawai'i Newspaper Agency, 89 Hawai'i 411, 422, 974 P.2d 51, 62 (1999); Tate v. GTE Hawaiian Tel. Co., 77 Hawai'i 100, 103, 881 P.2d 1246, 1249 (1994)). Findings of fact are reviewed under subsection (5) to determine if the agency was "clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." Tauese, 113 Hawai'i at 25, 147 P.3d at 809 (quoting Poe v. Hawai'i Labor Relations Bd., 87 Hawai'i 191, 195, 953 P.2d 569, 573 (1998)). Questions regarding procedural defects are reviewable to determine whether the decision was made upon unlawful procedure under subsection (3). Potter, 89 Hawai'i at 422, 974 P.2d at 62 (citing Bragg v. State Farm Mutual Auto. Ins., 81 Hawai'i 302, 305, 916 P.2d 1203, 1206 (1996).

The "interpretation of a statute is a question of law reviewable de novo." Survivors of Iida v. Oriental Imports, Inc., 84 Hawai'i 390, 396, 935 P.2d 105, 111 (App. 1997) (quoting Sato v. Tawata, 79 Hawai'i 14, 17, 897 P.2d 941, 944 (1995)). "[W]hen, as in this case, an administrative agency is involved, we defer to the agency's interpretations of its rules unless deference would result in an absurd or unjust result, or be

4

plainly erroneous or inconsistent with the underlying legislative purpose." Iida, 86 Hawai'i at 396, 935 P.2d at 111 (internal quotation marks omitted) (quoting Int'l Bhd. Of Elec. Workers, Local 1357 v. Hawaiian Tel. Co., 68 Haw. 316, 322, 713 P.2d 943, 950 (1986)).

## III.  DISCUSSION

### A.  Designating Employer as Cross-Appellant

Irving's first and second points of error address the same issue: whether the LIRAB erred in denying Irving's request to designate Employer as a cross-appellant.[3]  Therefore, this court addresses these points of error together.

Irving argues that by raising a new issue on appeal without going through the appeal procedures under HRS § 386-87 (1993), Employer became a cross-appellant, and should have been designated as such by the LIRAB.  Denying Irving's request to designate Employer as a cross-appellant, the LIRAB stated, "There being no specific rule, the [LIRAB] has routinely accepted and decided issues raised by non-appealing claimants and non-appealing employers, without designating such party as a cross-appellant."

Irving admits on appeal, "[t]he issue of the Hawaii [LIRAB] allowing a non-appealing party to raise an additional issue at a Pretrial Conference and not designate that issue as a cross-appeal does not appear to have been specifically addressed by either the [LIRAB] or any of the Courts in Hawaii."

The Director is tasked with making rules "which the director deems necessary for or conducive to its proper

---

[3]     Irving's opening brief fails to make a discernible argument as to his first point of appeal, mentioning only, "On June 26, 2014 ROBERT IRVING filed his [Motion For Modification and Attorney Fees] to have the Employer listed as a Cross-Appellant as to the new issue it raised during the initial Pretrial Conference, and that he be awarded attorney fees as the prevailing party, pursuant to HRS § 386-93."  Our policy, however, is to afford "litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)).  Here, Irving's first point on appeal regarding his Motion For Modification and Attorney Fees to have Employer listed as a cross-appellant is substantively the same as his second point on appeal challenging the LIRAB's decision not to list Employer as a cross-appellant, so we are able to address his first point of error based on arguments made in his second point of error.

application and enforcement." HRS § 386-72 (Supp. 2014). As a body of an administrative agency, the LIRAB is not bound by the Hawai'i Rules of Civil Procedure (**HRCP**), except to the extent that existing LIRAB rules provide. See HRCP Rule 1 ("These rules govern the procedure in the circuit courts of the State in all suits of a civil nature . . . .") (emphasis added)).

Since the Director has not promulgated any applicable rule regarding the procedure for designating a party as a cross-appellant and Irving has not argued that any other procedural rule applies, this court cannot find that the LIRAB's decision to not designate Employer as a cross-appellant was made upon any unlawful procedure. See Potter, 89 Hawai'i at 422, 974 P.2d at 62; see also HRS § 91-14(g).

**B. Irving's Entitlement to Attorney Fees under HRS § 386-93(b)**

With respect to his third and fourth points of error, Irving argues that: (1) for purposes of awarding attorney fees pursuant to HRS §386-93(b), Employer "effectively appealed" the Director's decision that Irving sustained work-related injuries on October 25, 2010 by seeking LIRAB's review of this issue at the pretrial conference; (2) he was the prevailing party on this issue; and (3) therefore, the LIRAB erred in denying his request for attorney fees under HRS § 386-93(b).

**1. Application of HRS § 386-93**

Irving argues that Employer, at the pretrial conference, sought the LIRAB's review of the Director's decision that Irving sustained personal injury on October 25, 2010 arising out of and in the course of employment and by doing so, effectively appealed this decision of the Director. Irving contends that since Employer raised an additional issue to the LIRAB and lost on the issue, the LIRAB should have found Irving to be a prevailing party and awarded him attorney fees pursuant to HRS § 386-93(b).

HRS § 386-93(b) states: "If an employer appeals a decision of the director or appellate board, the costs of the proceedings of the appellate board or the appellate court, together with reasonable attorney's fees, shall be assessed against the employer if the employer loses[.]" This court has

previously examined the legislative intent behind HRS § 386-93(b) in Iida, where we explained:

> In our opinion, the legislature's intent in enacting HRS § 386-93(b), in its simplest form, was to compel employers to shoulder the costs of unsuccessful appeals from workers' compensation decisions, while simultaneously easing the financial burden of claimants who must expend time and resources responding to unsuccessful appeals. One goal of the provision is to discourage appeals by employers. Unlike HRS § 386-93(a), which allows costs to be taxed against any party for frivolous appeals, HRS § 386-93(b) places the burden solely on the employer if the employer loses, regardless of the meritorious nature of the appeal. The legislature clearly intended to add an element of risk to any appeal undertaken by an employer. This element of risk, coupled with the different manner in which the legislature addresses appeals by employers and employees, is palpable evidence of the policy to blunt the willingness of employers to appeal decisions of the Director or LIRAB.
>
> Another policy underlying HRS § 386-93(b), which buttresses the beneficient purpose of the workers' compensation statute, is the element of fairness. Employers are typically better able to handle the costs of both defending and appealing a claim for workers' compensation benefits than employees on the other side of the table. We believe the legislature recognized the comparative financial disparities between employers and employees in this context. An employee seeking workers' compensation benefits is, under most circumstances, unemployed. Hence, as a general matter, the costs of proceedings present an onerous burden for employees. It would be inherently inequitable to force an already burdened worker (or his or her dependents) to twice expend funds successfully litigating a claim for workers' compensation. Fairness dictates, then, that employers both assume the risk and ultimately pay for the costs associated with unsuccessful appeals.

Iida, 84 Hawai'i at 403, 935 P.2d at 118. We addressed in Iida the novel issue of whether an employer who withdraws its claim on appeal is an unsuccessful party for purposes of attorney fees. Id. at 403-05, 935 P.2d at 118-20. We concluded:

> Holding employers liable for the costs of defending conceded issues or entire claims under the provisions of HRS § 386-93(b) certainly discourages weak appeals. It also reinforces the intent of the legislature by placing the burden of paying for unsuccessful appeals where it belongs on the party with the poorly thought out, hastily conceived appeal, who can more readily absorb the costs of the appeal. It will also discourage vexatious litigation and the use of discovery, depositions, motions, and appearances to either harass employees or extract unnecessary expenditures from a party already facing dire financial straits.

Id. at 405, 935 P.2d at 120 (internal citation omitted). Taking

into consideration the purpose of the statute, we held that "if the employer appeals and later concedes, the employer loses." Id. We noted, "[t]his interpretation of HRS § 386-93(b) is in line with the oft-stated beneficent purpose of the workers' compensation statute and affords a 'liberal construction in favor of the employee[.]'" Id. (quoting Respicio v. Waialua Sugar Co., 67 Haw. 16, 18, 675 P.2d 770, 772 (1984)).

With this understanding of the legislature's intent behind HRS § 386-93(b), we turn to the question of whether an employer who is permitted to challenge a decision of the Director before the LIRAB without having appealed pursuant to the procedures under HRS § 386-87 may be viewed as having appealed for purposes of the award of attorney fees under HRS § 386-93(b).

If Employer had filed an appeal of the Director's decision that Irving had sustained a work-related injury on October 25, 2010, Irving would clearly have been entitled to attorney fees under HRS § 386-93(b) because Employer lost the issue of whether Irving had sustained a work injury on October 25, 2010 before the LIRAB. However, because Employer was permitted to raise the issue at a pretrial conference, the LIRAB denied Irving's motion for attorney fees on the basis that Employer did not file an appeal.

The first goal of HRS § 386-93(b) we identified in Iida was "to discourage appeals by employers." Iida, 84 Hawai'i at 403, 935 P.2d at 118. Here, the element of risk that accompanies a direct appeal to the LIRAB is undermined when an employer can avoid an award of attorney fees by simply piggybacking its point of appeal onto an employee's appeal.

The second goal we identified was fairness as it relates to the comparative financial disparities between employers and employees. Id. It advances this second goal to require an employer to pay costs and attorney fees incurred by an employee in defending against an employer's challenge to the Director's decision, when the employer is permitted to raise the challenge at a pretrial conference and then loses.

To hold that HRS § 386-93(b) does not apply to employers who lose on a point of appeal they are permitted to

raise at a pretrial conference, would discourage employees from appealing their claims to the LIRAB. It would raise fears on the part of employees that their employer could challenge aspects of the Director's decision favorable to the employee and not have to reimburse the employee for amounts the employee incurred in litigating these issues if the employer loses. Similarly, it may encourage employers to informally raise all of the issues on which they were unsuccessful before the Director at a LIRAB pretrial conference as a means of dissuading employees from pursuing appeals.

The LIRAB's holding on the issue of whether to apply HRS § 386-93(b) to Employer, where Employer was permitted to raise an issue challenging the Director's decision at a pretrial conference, is inconsistent with the legislative purpose of the statute. Therefore, the LIRAB's holding was in error. Iida, 86 Hawai'i at 396, 935 P.2d at 111.

## 2. Prevailing Party Determination

There is no dispute that Employer lost before the LIRAB on its challenge to the Director's decision that Irving sustained work-related injuries on October 25, 2010. The LIRAB concluded that "[Irving] sustained a personal injury involving his left wrist, left elbow, and low back on October 25, 2010, arising out of and in the course of employment."

We conclude that because Employer lost on its challenge to the Director's decision on the issue of whether Irving sustained work-related injuries on October 25, 2010, Irving was entitled, pursuant to HRS § 386-93(b), to the award of costs and reasonable attorney fees he incurred in defending against Employer's challenge to the Director's decision on this issue. On remand, the LIRAB shall award to Irving the costs and reasonable attorney fees he incurred in defending against Employer's challenge to the Director's decision. The LIRAB, to the extent practicable, shall base its award of costs and reasonable attorney fees on an apportionment between those incurred by Irving in defending against the Employer's challenge to the Director's decision and those incurred in pursing his own appeal, with Irving entitled to costs and reasonable attorney

fees attributable to his defense against the Employer's challenge. <u>See</u> <u>TSA Intern. Ltd. v. Shimizu Corp.</u>, 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999).

### IV. CONCLUSION

The July 17, 2014 "Order Denying Claimant's Motion to Modify the Decision and Order dated June 16, 2014 and Motion for Attorney's Fees" of the Labor and Industrial Relations Appeals Board is vacated, and this case is remanded for a determination of reasonable attorney fees and costs to be awarded to Irving consistent with this Opinion.

On the briefs:

Roy F. Epstein
for Claimant-Appellant.

Gary N. Kunihiro
Shawn L.M. Benton
Paul A. Brooke
(Leong Kunihiro Benton &
Brooke)
for Employer-Appellee and
Insurance Carrier-Appellee.

10