NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000076
09-MAR-2021
08:03 AM
Dkt. 91 SO**

NO. CAAP-18-0000076

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALEXANDER ALLEN, Appellant-Appellant, v.
LEONARD HOSHIJO, AS ACTING DIRECTOR OF THE
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS OF THE
STATE OF HAWAIʻI; and ATLAS CONSTRUCTION, INC.,
Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0916)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Claimant-Appellant Alexander Allen (**Allen**) appeals from

the January 8, 2018 Final Judgment (**Judgment**) entered against him

and in favor of Employer-Appellee Atlas Construction, Inc.

(**Atlas**) and Respondent-Appellee Anne Perreira-Eustaquio[1]

(**Director**), as Director of the Department of Labor and Industrial

Relations (**DLIR**), in the Circuit Court of the First Circuit

---

[1] Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 43(c), Anne Perreira-Eustaquio is substituted as a party herein.

(**Circuit Court**).[2]  In the Judgment, the Circuit Court affirmed the May 25, 2017 decision of the DLIR's Employment Security Appeals Referees' Office [(**ESARO**)] Decision No. 1701177 (**Decision**).  Allen also challenges the Circuit Court's January 8, 2018 Order Affirming [Decision], in which the Circuit Court affirmed ESARO's finding that Allen is disqualified from receiving unemployment compensation.

Allen raises six points of error on appeal, which we construe as contending that:  (1) the Decision was based on Hawaiʻi Administrative Rule (**HAR**) § 12-5-47(b), which is invalid because it exceeds the authority of Hawaii Revised Statutes (**HRS**) Chapter 383; (2) the finding that Atlas did not communicate that Allen was no longer employed by Atlas is grossly against the weight of evidence; (3) an inference from equivocal evidence that Allen intended to resign was unwarranted; (4) the Decision gives "improper effect" to Allen's letter of resignation; (5) ESARO imposed an incorrect burden of proof in reaching its Decision; and (6) the Decision lacks the required conclusions of law, and therefore it cannot be determined whether the law was correctly applied.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

_____

[2]     The Honorable Keith K. Hiraoka presided.

the arguments advanced and the issues raised by the parties, we resolve Allen's points of error as follows:

(1)   HRS § 383-30(1) (2015) outlines the circumstances that disqualify an individual from receiving unemployment benefits and provides, in relevant part:

> **§ 383-30  Disqualification for benefits**.  An individual shall be disqualified for benefits:
>
> (1)   Voluntary separation. . . .  For any week beginning on and after October 1, 1989, in <u>which the individual has left the individual's work voluntarily without good cause</u>, and continuing until the individual has, subsequent to the week in which the voluntary separation occurred, been paid wages in covered employment equal to not less than five times the individual's weekly benefit amount as determined under section 383-22(b).

(Emphasis added).

Implementing the provisions of HRS § 383-30(1), HAR § 12-5-47 provides, in relevant part:

> § **12-5-47  Voluntary separation**. (a) An individual shall be disqualified for benefits for voluntarily leaving work without good cause.
>
> (b) <u>A separation is a voluntary leaving or quitting when the facts and circumstances demonstrate that a claimant is the "moving party" in the termination of an employment relationship.</u>
>
> (c)  Generally, a leaving of work is considered to be for good cause where it is for a real, substantial, or compelling reason, or a reason which would cause a reasonable and prudent worker, genuinely and sincerely desirous of maintaining employment, to take similar action. Such a worker is expected to try reasonable alternatives before terminating the employment relationship.[3]

(Emphasis added).

---

[3]   Allen does not argue that he voluntarily left work for good cause pursuant to HAR § 12-5-47(c).

Allen argues, in essence, that HAR § 12-5-47(b) impermissibly changes the statutory criterion set forth in HRS § 383-30 for disqualification to receive unemployment compensation benefits, and therefore, the Director exceeded the statutory authority to adopt rules to carry out the duties and responsibilities of administering HRS Chapter 383 when the Director adopted HAR § 12-5-47(b).  This argument is without merit.

HRS § 383-92 (2015) provides, *inter alia*:

> **§ 383-92  Rules and regulations.**  The director of labor and industrial relations may adopt, amend, or repeal such rules and regulations as the director deems necessary or suitable for the administration of this chapter.  The rules and regulations when prescribed in accordance with chapter 91 shall have the force and effect of law and shall be enforced in the same manner as this chapter.

As the Hawaiʻi Supreme Court has held:

> [A]n administrative agency can only wield powers expressly or implicitly granted to it by statute.  However, it is well established that an administrative agency's authority includes those implied powers that are *reasonably necessary to carry out the powers expressly granted*.  The reason for implied powers is that, as a practical matter, the legislature cannot foresee all the problems incidental to carrying out the duties and responsibilities of the agency.

Haole v. State, 111 Hawaiʻi 144, 152, 140 P.3d 377, 385 (2006) (quoting Morgan v. Planning Dep't Cty. of Kauai, 104 Hawaiʻi 173, 184, 86 P.3d 982, 993 (2004)).

As this court has previously recognized, HAR § 12-5-47 was adopted to implement and administer the statute, HRS § 383-30.  Ipsen v. Akiba, 80 Hawaiʻi 481, 486, 911 P.2d 116, 121 (App.

1996); <u>McElroy v. Pacific Lightnet, Inc.</u>, CAAP-12-0000387, 2015 WL405679, *1 (Haw. App. Jan. 30, 2015) (SDO); <u>see also</u> <u>Keanani v. Akiba</u>, 84 Hawaiʻi 407, 413, 935 P.2d 122, 128 (App. 1997) (stating that HAR § 12-5-47(b) "further explains" HRS 383-30(1)). Contrary to Allen's argument, HAR § 12-5-47 is in harmony with – and is not inconsistent with – the statute, and provides further clarity as to the narrow circumstances in which the statute applies. Thus, the Circuit Court correctly determined the ESARO did not err in applying the plain and unambiguous meaning of the rule. <u>See</u> <u>generally</u> <u>Int'l Bhd. of Elec. Workers, Local 1357 v. Haw'n Tel. Co.</u>, 68 Haw. 316, 323-26, 713 P.2d 943, 950-52 (1986) (an administrative rule need not parrot statutory language, as long as the rule is not inconsistent with the statute).

Allen further argues that the term "moving party" is "so vague that it allows the adjudicator to choose which party prevails without any criteria." However, as this court recognized in <u>Ipsen</u>, the plain and ordinary meaning of "moving party" is comprehensible and clear:

> "Moving" is the present participle of the verb "move." The definitions of "move" include "to change position or posture, to take action." *Webster's Collegiate Dictionary* 761 (10th ed. 1993). The word "move" from which "moving" is derived "is very general and implies no more than the fact of changing position." <u>Id.</u> The appeals officer found that Appellant was the "moving party" in terminating her employment.

<u>Ipsen</u>, 80 Hawaiʻi at 486, 911 P.2d at 121.

Accordingly, we reject Allen's argument that HAR § 12-5-47 is unconstitutionally vague.

(2, 3 & 4)  Allen argues that ESARO's finding that he was the moving party in the termination, and voluntarily quit his employment with Altas, is grossly against the weight of evidence. Allen further argues that an inference from "equivocal evidence" was unwarranted, and the Decision gives an "improper effect" to Allen's letter of resignation.

> "An agency's findings are reviewable under the clearly erroneous standard to determine if the agency decision was clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." Poe v. Hawaiʻi Labor Relations Bd., 87 Hawaiʻi 191, 195, 953 P.2d 569, 573 (1998) (citing Alvarez v. Liberty House, Inc., 85 Hawaiʻi 275, 277, 942 P.2d 539, 541 (1997); HRS § 91-14(g)(5)). "'An agency's findings are not clearly erroneous and will be upheld if supported by reliable, probative and substantial evidence unless the reviewing court is left with a firm and definite conviction that a mistake has been made.'" Poe v. Hawaiʻi Labor Relations Bd., 105 Hawaiʻi 97, 100, 94 P.3d 652, 655 (2004) (quoting Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 229-30, 751 P.2d 1031, 1034 (1988)).

Tauese v. State of Hawaiʻi, Dep't of Labor & Indus. Relations, 113 Hawaiʻi 1, 25, 147 P.3d 785, 809 (2006).

In Ipsen, this court held, *inter alia*, "in determining whether Appellant 'voluntarily' quit, we are concerned with whether the circumstances reflect an intent on the part of the employee to terminate employment."  80 Hawaiʻi at 486, 911 P.2d at 121 (footnote omitted).  Here, on Friday, March 31, 2017, at 7:08 a.m., Allen emailed a letter of resignation to Bruce Kim (**Kim**), President of Atlas:

Bruce,

Please accept this email as formal notification that I am resigning from my position with Atlas Construction. I understand that two weeks notice is standard. However, we can discuss a mutually beneficial date.

I would be glad to provide any assistance I can during this transition.

Thank you for the opportunities for professional and personal development that you have provided me during the last three months.

I have enjoyed working for the company and feel I was making large strides to understand the company's culture and philosophy. I believed I was starting to understand your goals and commitment to quality.

However, I will not be treated disrespectfully or unprofessionally because of some minor infractions or misunderstandings.

You have been a huge conduit of support between the staff and myself. But, when I called Rance this morning and humbly asked for an apology, he defiantly refused.

I've worked extremely hard, often more than 50 hours/ week trying to learn the processes, manage my job and complete my administrative duties. I have also offered several construction process recommendations to help improve the quality of Atlas Homes. I did a lot of this on my own time because of my general enthusiasm for continuous improvement.

I feel we had great potential, but I do not accept disrespect in any shape or form.

Please, let me know how you would like to proceed.

Thereafter, there were various further text messages from Allen to Kim, in which Allen suggested that there might be alternatives to his leaving the company, conditioned on, among other things, an apology. On Sunday, April 2, 2017, Kim responded to Allen's communications, stating, in part: "I accept [your] resignation request and I am open to a meeting on Monday to see how I can help you transition out . . ." On Monday, April

3, 2017, Allen turned in his keys and work shirts, along with company credit cards and documents.

Based on the entirety of the evidence in the record in this case, although there was some conflicting evidence, we conclude the Circuit Court correctly determined that ESARO's factual findings, including that Allen voluntarily quit his employment, were supported by reliable, probative and substantial evidence; we are not left with a firm and definite conviction that a mistake has been made.

(5) Allen argues that ESARO imposed an incorrect burden of proof. Allen submits that the phrase "[i]n this case, claimant failed to meet his burden of proof" should be considered in conjunction with ESARO's finding that there was insufficient evidence that the employer intended to discharge Allen. However, Allen takes this phrase out of context. The Decision states, in part, after the determination that Allen voluntarily terminated his employment with Atlas:

> In a voluntary separation, the claimant bears the burden of proof and must prove by a preponderance of evidence that he had substantial and compelling good cause to terminate employment. In this case, claimant failed to meet his burden of proof. Claimant's reasons for quitting do not meet the standard for good cause for leaving employment, under Haw. Admin. R. § 12-5-47. Therefore, claimant voluntarily left employment without good cause.

In sum, this passage in the Decision was germane to ESARO's determination that Allen did not have good cause to voluntarily quit his job. The Circuit Court correctly determined

8

that ESARO did not err in stating that the moving party in the termination assumes the burden of establishing good cause for leaving work.  See Hardin v. Akiba, 84 Hawaiʻi 305, 311, 983 P.2d 1339, 1345 (1997).

(6)  Finally, Allen contends that the Decision should be vacated or reversed because it did not separately state conclusions of law.

HRS § 91-12 (2012) requires that an agency's decision be accompanied by separate findings of fact and conclusions of law. However, the statute does not require a separately labeled "conclusions of law" section.  "All that is required is that the agency incorporate its findings and rulings in its decision," and to "make its findings and rulings reasonably clear."  Survivors of Timothy Freitas, Dec. v. Pac. Contractors Co., 1 Haw. App. 77, 84, 613 P.2d 927, 932 (1980), (citing In re Terminal Transp., Inc., 54 Haw. 134, 139, 504 P.2d 1214, 1217 (1972)); see also In re Haw. Elec. Light Co., 60 Haw. 625, 641-42, 594 P.2d 612, 624 (1970) (explaining that the purpose of this statutory requirement is "to assure reasoned decision making by the agency and enable judicial review of agency decisions") (citation omitted).

Here, the Decision makes clear the legal basis for ESARO's ruling in its "Reasons for Decision," laying out both the statutory language and quoting the administrative rule, as well as applying those legal authorities to its factual

9

determinations.  Accordingly, we conclude that this point of error is without merit.

For these reasons, we affirm the Circuit Court's January 8, 2018 Judgment affirming ESARO's May 25, 2017 Decision.

DATED: Honolulu, Hawaiʻi, March 9, 2021.

On the briefs:

Charles S. Lotsof,
for Appellant-Appellant.

Frances E.H. Lum,
Staci I. Teruya,
Deputy Attorneys General,
Department of the Attorney
 General, State of Hawaiʻi,
Labor Division,
for Appellee-Appellee
 LEONARD HOSHIJO, as Acting
 Director of the Department of
 Labor and Industrial Relations
 of the State of Hawaiʻi.

Paul M. Saito,
John P. Duchemin,
(Cades Schutte LLLP)
for Appellee-Appellee
 ATLAS CONSTRUCTION, INC.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge