MARY CHRISTINE KISSELL. Plaintiff-Appellant *v.* LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD and HONOLULU STAR-BULLETIN, INC., Defendants-Appellees

NO. 5735

APRIL 27, 1976

RICHARDSON, C.J., KOBAYASHI AND MENOR, JJ., AND CIRCUIT JUDGE LANHAM IN PLACE OF KIDWELL, J., DISQUALIFIED, AND CIRCUIT JUDGE FONG IN PLACE OF OGATA, J., RECUSED

*Per Curiam.* This is an appeal by the claimant (appellant) from a judgment of the trial court affirming the decision and order of the Labor and Industrial Relations Appeal Board (appellee) dismissing appellant's appeal.

The question for resolve is whether appellant's notice of appeal from the compensation order, issued by the administrator of the Division for Workmen's Compensation, was timely filed.

At the time of the issuance of the compensation order the appropriate statutory section was § 97-96 of the Revised Laws of Hawaii 1955, as enacted by Act 116, Session Laws of Hawaii 1963 (Supp. 1963), which provided that:

Sec. 97-96. Appeals. *A decision of the director shall be final and conclusive between the parties, . . . unless within thirty days after a copy has been sent to each party, either party appeals therefrom by filing a written notice of appeal with the director or his county representative.*

In all cases of appeal the appellate board shall be notified of the pendency thereof by the director and no compromise shall be effected in the appeal except in compliance with the provisions of section 97-77.

The appellate board shall hold a full hearing de novo on the appeal and make its decision in writing, and such

decision shall be filed with the records of the proceedings. A copy of the decision shall be sent to each party.

The appellate board may certify questions of law to the supreme court for determination. (Emphasis added.)

In our opinion the time for filing a written notice of appeal as provided in § 97-96 is mandatory.[1]

In this case the compensation order was entered on October 14, 1963, filed October 15, 1963, and sent to the appellant on October 15, 1963.

The record clearly reflects that appellant's written notice of appeal was not filed until December 16, 1963. Thus, appellant's notice of appeal was not timely filed in accordance with the provision of § 97-96.

The appellant has sought to justify her failure to file a timely written notice of appeal. Her contentions made herein are without merit.

We, therefore, affirm the judgment of the trial court.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for appellant.

*David L. Fairbanks (Goodsill Anderson & Quinn* of counsel) for appellee, Honolulu Star-Bulletin, Inc.

---

[1] *See* 9 MOORE'S FEDERAL PRACTICE p. 908, Note on Timely Filing as "Jurisdictional".