51 P.3d 375

**Mary A. NICKELLS, Claimant–Appellant,**

v.

**WAL–MART STORES, INC.,
Employer–Appellee,**

and

**John Mullen & Company, Inc., Insurance
Adjuster–Appellee.**

No. 23878.

Intermediate Court of Appeals of Hawai'i.

July 12, 2002.

Andrew J. Sato, on the briefs, for Claimant–Appellant.

Leighton Oshima, Honolulu, Darlene Y.F. Itomura, Wong, Oshima & Kondo, on the briefs, for Employer Appellee, and Insurance Adjuster–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

On April 17, 1998, Claimant Appellant Mary A. Nickells (Claimant) filed a claim for workers' compensation benefits arising out of a June 29, 1997 neck injury she sustained while lifting and breaking down boxes at the Kunia Wal Mart store. Employer Appellee Wal Mart Stores, Inc., through its insurance adjuster, John Mullen & Company, Inc. (collectively, Employer), denied liability.

After a June 3, 1999 hearing before the Disability Compensation Division (DCD), the Director of the Department of Labor and Industrial Relations, State of Hawai'i (the Director), issued a July 7, 1999 decision that deemed Claimant's injury compensable, as "an aggravation of her preexisting cervical condition" which stemmed from a 1993 neck injury she sustained while working as a nursing assistant in Virginia. The July 7, 1999 decision concluded:

DECISION

1. Pursuant to [Hawaii Revised Statutes (HRS) §§ ] 386–21 and 386–26, ... [Employer] shall pay for such medical care, services and supplies as the nature of the injury may require, but not to include the surgical procedures in March 1998 and 1999.

2. The matters of temporary disability, permanent disability and disfigurement, if any, shall be determined at a later date.[1]

(Footnote supplied.) The Director denied compensation for Claimant's March 25, 1998 surgery because that surgery was "related to" surgery performed for her 1993 neck injury. The Director denied compensation for Claimant's 1999 surgery because that surgery, in turn, was necessitated by the "failed" March 25, 1998 surgery.

Thereupon, in an October 8, 1999 letter to Claimant's attorney, Employer took the position that "[Claimant] had a temporary aggravation of her pre-existing cervical condition from June 29, 1997 through March 25, 1998,

---

1. The July 7, 1999 decision contained the following note:
APPEAL: This decision may be appealed by filing a written notice of appeal with the Director

of Labor and Industrial Relations or his county representative within twenty days after a copy of this decision has been sent.

at which time the aggravation resolved and [C]laimant obtained further treatment for her pre-existing cervical condition." On October 20, 1999, Claimant asked the DCD to "schedule a hearing relating to the issue of temporary disability."

Following a May 16, 2000 hearing, the Director issued a June 9, 2000 decision, as follows:

### DECISION

1.  Pursuant to [HRS §§ ] 386–21 and 386–26, ... [the Employer] shall pay for such medical care, services and supplies as the nature of the injury may require beginning 6/29/97 through 3/25/98.

2.  Pursuant to [HRS § ] 386–31(b), ... [the Employer] shall pay to [C]laimant weekly compensation of $157.74 for temporary total disability from work beginning 8/19/97 through 9/9/97 for 3.1429 weeks, for a total of $495.76. Claimant's request for additional temporary total disability benefits is denied.

3.  No permanent disability or disfigurement resulted from this accident.

In reaching this conclusion, the Director found that "the 6/29/97 injury temporarily aggravated [C]laimant's preexisting cervical condition[,]" and that "the aggravation of her preexisting condition lasted from 6/29/97 through 3/25/98[.]" The Director limited Claimant's temporary total disability benefits to the only period for which Claimant provided certification of disability, August 16, 1997 through September 9, 1997, less a three-day waiting period.

On June 23, 2000, Claimant filed a notice of appeal to the Labor and Industrial Relations Appeals Board, State of Hawai'i (the Board), from "the Decision of July 7, 1999 and from the Decision of June 9, 2000 entered by [the Director] ..., on the ground that said Decisions are contrary to law and facts."

On September 13, 2000, Employer filed a motion asking the Board to dismiss Claimant's appeal of the Director's July 7, 1999 decision, arguing that Claimant's June 23, 2000 notice of appeal was untimely as to that

decision. On October 4, 2000, Claimant filed a responsive memorandum, arguing that Employer's motion to dismiss should be denied, because "this appeal of [the Director's] July 7, 1999 [decision] relates to a bifurcated hearing. There were two hearings. One was held on June 3, 1999 and the other was held on May 16, 2000."

At the October 5, 2000 hearing before the Board on Employer's motion to dismiss, Employer's counsel acknowledged that what Employer was seeking was a "partial dismissal[,] of [Claimant's appeal of] that one [July 7, 1999] Decision." Employer's counsel confirmed that Employer was not pursuing "a motion to dismiss the entire appeal[.]" At the hearing, the Board asked Claimant's attorney why the Director's July 7, 1999 decision had not been appealed within twenty days of its transmission, as required by statute. Claimant's counsel blamed a lack of communication amongst himself, Claimant and Claimant's former attorney on the case. Counsel also cited a reluctance "to go up to the [Board] in an interlocutory appeal."

On October 11, 2000, the Board issued its decision and order dismissing Claimant's appeal of the Director's July 7, 1999 decision:

### FINDINGS OF FACT

1.  The decision of [the Director] was dated and sent to the parties on July 7, 1999.

2.  Claimant's appeal of the July 7, 1999 decision was filed with [the Board] on June 23, 2000.

### CONCLUSIONS OF LAW

Claimant's appeal of the July 7, 1999 decision was filed beyond the mandatory limitation period and is, therefore, dismissed as untimely. "A decision of the director shall be final and conclusive between the parties[,] ... unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department." HRS [§ ] 386–87(a).

The Hawaii Supreme Court has declared that the time for filing a written notice of appeal is mandatory. *Kissell v. Labor and Industrial Relations Appeal Board*, 57 Haw. 37, 38, 549 P.2d 470 (1976).

In the instant case, Claimant's appeal was filed more than eleven (11) months late. The decision was sent to the parties on July 7, 1999, and Claimant's appeal was filed on June 23, 2000, more than 11 months after the due date for filing. Accordingly, the mandatory nature of HRS § 386-87(a), requires dismissal of this appeal.

## ORDER

Claimant's appeal of the decision of [the Director] dated July 7, 1999, is hereby dismissed.

On November 8, 2000, Claimant filed a timely notice of this appeal of the Board's October 11, 2000 decision and order.

Claimant contends on appeal that the Board erred in dismissing her appeal of the Director's July 7, 1999 decision: "Because the [D]irector held two separate hearings for the same accident, [Claimant] considered that the July 7, 1999 decision as [ (sic) ] interlocutory in the context of appellate practice. And so, in appealing the [Director's] June 9, 2000 decision, she also appealed the July 7, 1999 decision." Opening Brief at 3 (citing "(Rule 28(b)(3) ) [ (sic) ]"). We disagree.

HRS § 386-87(a) (1993) provides, in relevant part, that

[a] decision of the director shall be final and conclusive between the parties, ... unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department.

Here, we "give effect to the statute's plain and obvious meaning[,]" by giving "the operative words their common meaning," read "in the context of the entire statute and in a manner consistent with its purpose[,]" *Alvarez v. Liberty House, Inc.*, 85 Hawai'i 275, 278, 942 P.2d 539, 542 (1997) (citations and internal quotation marks omitted) (constru-

ing HRS § 398-87(a) on another issue), and thereupon conclude that Claimant's June 23, 2000 notice of appeal of the Director's July 7, 1999 decision was untimely, and her appeal of that decision therefore barred by HRS § 386-87(a). *Kissell v. Labor & Indus. Rel. App. Bd.*, 57 Haw. 37, 38, 549 P.2d 470, 470 (1976) ("In our opinion the time for filing a written notice of appeal as provided in [the predecessor statute to HRS § 386-87] is mandatory." (Footnote omitted.)).

We reject Claimant's argument, that the Director's July 7, 1999 decision issued out of a "bifurcated hearing" and was therefore merely interlocutory to the Director's June 9, 2000 decision, and hence, unappealable except through that later decision. The legislature, in HRS § 386-87(a), deemed any decision of the director "final and conclusive between the parties," and immediately appealable by written notice of appeal timely filed. *See also* HRS § 386-91(a) (1993) (providing, in pertinent part, that any party in interest or the Director may file a certified copy of a decision of the Director that is not timely appealed or stayed pending appeal, in the circuit court, and have the circuit court render a judgment thereon as though the matter had been duly heard and determined by the circuit court, "except that there shall be no appeal" from the circuit court judgment so rendered); *Yarnell v. City Roofing, Inc.*, 8 Haw.App. 543, 557, 812 P.2d 1199, 1206 (1991) (issue determined in a decision of the Director that is not appealed "is accorded finality by HRS § 386-87(a)").

The legislature could have, as it has elsewhere, conditioned appeal as of right upon a final decision disposing of all issues in the case, *see, e.g.*, HRS § 641-11 (1993) ("The sentence of the court in a criminal case shall be the [appealable] judgment."), but it did not. And it had good reason not to, in the inherent nature of workers' compensation cases. We notice that the Director often makes an initial decision as to work-relatedness and medical expenses and disability to date, but must necessarily defer to a later decision the issues of continuing medical expenses, disfigurement and future disability-temporary or permanent, total or partial, as the case may turn out to be-if any. The

various scenarios of decision and appeal imaginable under these circumstances all support, in the interest of agency and judicial economy, the legislature's determination in HRS § 386–87(a) that each decision of the Director be final and immediately appealable, and that the appeal be noticed with twenty days of transmission of the decision.

The supreme court has spoken to a similar issue, from the point of view of the parties to a workers' compensation case, in the context of appeals to the supreme court from decisions or orders of the Board.[2] In a case in which the Board had awarded the claimant medical benefits, temporary total disability benefits and travel reimbursement, but had left the matters of permanent disability and disfigurement for later determination by the Director, we dismissed the claimant's appeal of the Board's decision for lack of appellate jurisdiction on finality grounds, because the issues of permanent disability and disfigurement remained outstanding. *Bocalbos v. Kapiolani Medical Center for Women and Children*, No. 20719, mem. op. at 5–6, 91 Hawai'i 137, 980 P.2d 1011, 1998 WL 986063 (Haw. App. filed August 7, 1998). On *certiorari*, the supreme court vacated our opinion and remanded the appeal back to us for a decision on the merits, reasoning as follows:

> One of the primary purposes of the Hawai'i workers' compensation law is the prompt determination and disposition of claims for compensation. *Iddings v. Mee-Lee*, 82 Hawai'i 1, 8, 919 P.2d 263, 270 (1996). Under the law, claimants are entitled to: (1) medical care, services, and supplies immediately after a work injury and so long as reasonably needed, HRS § 386–21 (Supp.1998); (2) weekly wages for temporary disability, HRS §§ 386–31(b) (1993) and 386–32(b) (Supp.1998); and (3) weekly wages for permanent dis-

ability, HRS §§ 386–31(a) (1993) and 386–32(a) (Supp.1998). These medical and wage benefits are independent benefits, separate and distinct from one another. An award of medical benefits and temporary disability wage benefits determines a claimant's rights to those benefits. An award of such benefits has no bearing on any future award for permanent disability wage benefits. Given that the matter of permanent disability benefits may be left undetermined for a considerable length of time, an injured worker or an employer must be allowed to seek appellate review of a medical benefits or temporary disability issue, even if the matter of permanent disability has been left for later determination. To delay appellate review of a medical benefits or temporary disability issue until permanent disability, if any, has been determined, would be entirely contrary to the legislative purpose of prompt determination of workers' compensation claims, which, of necessity, entails a prompt determination of each of the independent benefits afforded under the law.

> Accordingly, we hold that a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91–14(a),[3] even though the matter of permanent disability has been left for later determination.

*Bocalbos v. Kapiolani Medical Center*, 89 Hawai'i 436, 442–43, 974 P.2d 1026, 1032–33 (1999) (*per curiam*) (footnote supplied).

For the foregoing reasons, we affirm the Board's October 11, 2000 decision and order.

---

**2.** Hawaii Revised Statutes (HRS) § 386–88 (1993) provides, in pertinent part, that

[t]he decision or order of the appellate board shall be final and conclusive, ... unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the supreme court subject to chapter 602 by filing a written notice of appeal with the appellate board.

**3.** The appeal of a decision or order of the [Labor and Industrial Relations Appeals Board] is governed by HRS § 91–14(a). *Bocalbos v. Kapiolani*

*Medical Center for Women and Children*, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999). HRS § 91–14(a) (1993) provides in relevant part that "[a]ny person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]"

*Tam v. Kaiser Permanente*, 94 Hawai'i 487, 494, 17 P.3d 219, 226 (2001) (some brackets in the original).