**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000100
12-MAY-2022
07:47 AM
Dkt. 76 SO**

NO. CAAP-21-0000100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JEREMY A.K. KONOHIA, Claimant-Appellant-Appellant,
v.
COMMODITY FORWARDERS, INC., Employer-Appellee-Appellee,
and
LIBERTY MUTUAL INSURANCE, Insurance Carrier-Appellee-Appellee,
and
SPECIAL COMPENSATION FUND, Respondent-Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2020-161(M) AND DCD NO. 7-16-01602)

## SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Claimant-Appellant-Appellant
Jeremy A.K. **Konohia** appeals from the Decision and Order (**D&O**)
entered by the Hawaiʻi Labor and Industrial Relations Appeals
Board (**LIRAB**) on February 10, 2021. For the reasons explained
below, we affirm the LIRAB D&O.

On June 9, 2016, Konohia was injured while working for
Employer-Appellee-Appellee Commodity Forwarders, Inc. (together
with Insurance Carrier-Appellee-Appellee Liberty Mutual
Insurance, **Employer**). Konohia reported his injury to Employer,
and a claim for workers compensation benefits was initiated.
Konohia received treatment for his injury and payment of
temporary total disability (**TTD**) benefits.

The Hawai‘i Department of Labor and Industrial Relations (**DLIR**) Disability Compensation Division (**DCD**) conducted a hearing on August 26, 2020.  On September 3, 2020, the DCD issued a written decision, signed on behalf of the director of labor (the **Director's Decision**).  The Director's Decision stated:

> APPEAL: This decision may be appealed by filing a written notice of appeal with the Director of Labor and Industrial Relations or the Director's county representative within twenty days after a copy of this decision has been sent.

DLIR mailed the Director's Decision to Konohia on September 3, 2020.

By handwritten letter dated September 20, 2020, Konohia appealed the Director's Decision.[1]  The envelope that contained Konohia's appeal was postmarked September 21, 2020.  The envelope and letter both bear date stamps of September 24, 2020.

By letter dated September 25, 2020, DLIR informed Konohia that it had received his appeal letter on September 24, 2020.

On November 24, 2020, LIRAB issued an order to show cause why Konohia's appeal should not be dismissed as untimely. Konohia and Employer were directed to respond.  A hearing was set for December 22, 2020.  An amended order to show cause was issued, resetting the hearing for January 7, 2021.

The record on appeal does not contain a written response by Konohia to either of the orders to show cause, or a transcript of the LIRAB hearing.  LIRAB issued the D&O on February 10, 2021.  LIRAB found that Konohia's appeal was due on September 23, 2020, but was filed with DLIR's Maui district office on September 24, 2020.  LIRAB concluded that the appeal was untimely under Hawaii Revised Statutes (**HRS**) § 386-87(a), and that the statutory deadline was mandatory, citing <u>Kissell v. Lab.</u>

---

[1]  We take judicial notice, pursuant to Rule 201 of the Hawai‘i Rules of Evidence, that September 20, 2020 was a Sunday.

& Indus. Rels. Appeals Bd., 57 Haw. 37, 549 P.2d 470 (1976).
LIRAB dismissed Konohia's appeal. This appeal followed.[2]

> It is well-established that appellate courts review LIRAB's findings of fact under the clearly erroneous standard. However, LIRAB's conclusions of law cannot bind an appellate court and are freely reviewable for their correctness. Thus, the court reviews conclusions of law de novo, under the right/wrong standard.

Skahan v. Stutts Constr. Co., 148 Hawaiʻi 460, 466, 478 P.3d 285, 291 (2021) (cleaned up).

LIRAB found that "[t]he Director's [D]ecision was dated and sent to the parties on September 3, 2020." That finding was supported by substantial evidence and was not clearly erroneous.

LIRAB concluded that "[t]he due date for filing a timely appeal in this case was September 23, 2020." That conclusion was right under HRS § 386-87.[3]

LIRAB found that Konohia's appeal was "filed with [DLIR's] Maui District Office on September 24, 2020[.]" That finding was supported by substantial evidence and was not clearly erroneous.

LIRAB concluded that "the time for filing a written notice of appeal is mandatory." That conclusion was right. Kissell, 57 Haw. 37, 549 P.2d 470; see also Nickells v. Wal-Mart Stores, Inc., 98 Hawaiʻi 508, 51 P.3d 375 (App. 2002).

---

[2] Konohia's opening brief does not comply with Rule 28 of the Hawaiʻi Rules of Appellate Procedure. Nevertheless, the Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

[3] HRS § 386-87 (2015) provides, in relevant part:

> **Appeals to appellate board.** (a) A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89 ["Reopening of cases"], unless within ***twenty days*** after a copy has been sent to each party, either party appeals therefrom to the appellate board by ***filing*** a written notice of appeal with the appellate board or the department.

(bold italics added).

LIRAB found and concluded that the Director's Decision "was sent to the parties on September 3, 2020 and Claimant's appeal was filed on September 24, 2020. Claimant's appeal was filed 1 day late. Accordingly, the mandatory nature of §386-87(a), HRS, requires dismissal of this appeal." This combined finding and conclusion was supported by LIRAB's findings of fact and reflected an application of the correct rule of law. See Hawaiʻi Administrative Rules § 12-47-12 ("The file stamped date on the document shall be regarded as the date of filing."). Accordingly, it will not be overturned. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

For the foregoing reasons, the Decision and Order entered by the Hawaiʻi Labor and Industrial Relations Appeals Board on February 10, 2021, is affirmed.

DATED: Honolulu, Hawaiʻi, May 12, 2022.

On the briefs:

Jeremy A.K. Konohia,
Self-represented Claimant-
Appellant-Appellant.

Kimberly T. Guidry,
Kalikoʻonālani D. Fernandes,
Deputies Solicitor General,
for Respondent-Appellee-
Appellee Special Compensation
Fund.

Blaine W. Fujimoto,
Matthew K. Wong,
for Employer-Appellee-Appellee
Commodity Forwards, Inc. and
Insurance Carrier-Appellee-Appellee
Liberty Mutual Insurance.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge