<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000445**
**30-JUN-2023**
**08:01 AM**
**Dkt. 50 SO**

NO. CAAP-22-0000445 AND CAAP-22-0000446

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

<u>**CAAP-22-0000445**</u>

AUGUSTINA J. DEAN, Claimant-Appellant-Appellant,

v.

STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
Employer-Appellee-Appellee

and

STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
WORKERS' COMPENSATION UNIT, Insurance Carrier-Appellee-Appellee
(CASE NO. AB 2022-043, DCD NO. 2-15-40652)

AND

<u>**CAAP-22-0000446**</u>

AUGUSTINA J. DEAN, Claimant-Appellant-Appellant,

v.

STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
Employer-Appellee-Appellee

and

STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
WORKERS' COMPENSATION UNIT, Insurance Carrier-Appellee-Appellee
(CASE NO. AB 2022-044, DCD NO. 2-16-40013)

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

In this consolidated appeal,[1] self-represented Claimant-Appellant-Appellant Augustina J. Dean (**Dean**) appeals from two July 5, 2022 Decisions and Orders (**Dismissal Orders**) by the Labor and Industrial Relations Appeals Board (**LIRAB**), dismissing Dean's appeal from two March 9, 2022 Decisions of the Director of the Labor and Industrial Relations (**Director**) for untimeliness.

Dean's Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28. Dean's Opening Brief does not have an argument section and presents argument throughout the brief on issues that do not appear relevant to the July 5, 2022 Dismissal Orders that are the subject of this appeal. Despite Dean's non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Dean's contentions to the extent we can discern them.

On appeal, it appears that Dean contends that the LIRAB was "required to exercise jurisdiction over the appeal[s]" and that the LIRAB's "failure to review the director's

---

[1] On May 5, 2023, this court filed an Order of Consolidation, consolidating CAAP-22-446 and CAAP-22-445. Dean filed identical Opening Briefs in both appeals. We refer to the identical Opening Briefs in the singular.

decision[s] has deprived [Dean] of adequate relief and entitlement to benefits."[2]

Upon careful review of the record and the briefs[3] submitted by the parties, and having given due consideration to the issue raised, we affirm.

**June 30, 2014 injury**

On April 8, 2016, the Director filed a Decision (**April 8, 2016 Decision**), denying Dean's October 30, 2015 workers' compensation claim for a June 30, 2014 injury. Dean appealed to the LIRAB.

On November 14, 2019, the LIRAB reversed the Director's April 8, 2016 Decision because it found that Dean "sustained a mental stress injury on June 30, 2014, arising out of and in the course of employment."

Following a February 8, 2022 hearing on remand, the Director entered the March 9, 2022 Decision directing Employer to compensate Dean for the injury, setting forth the terms of Dean's workers' compensation benefits.

**September 2, 2015 injury**

On December 14, 2018, the Director filed a Decision directing Employer to compensate Dean for a September 2, 2015 injury, setting forth the terms of Dean's workers' compensation

---

[2]    While Dean raises three points of error in her Opening Brief, none appears to pertain to the July 5, 2022 Dismissal Orders that are the subject of this appeal; the points do not comply with HRAP Rule (b)(4)(ii) and (iii), and are difficult to follow. We have identified and restated for clarity the sole contention that appears pertinent to the LIRAB orders from which Dean appeals.

[3]    Employer-Appellee-Appellee State of Hawaiʻi, Department of Education and Insurance Carrier-Appellee-Appellee State of Hawaiʻi, Department of Education, Workers' Compensation Unit (collectively, **Appellees**) filed an answering brief that does not comply with HRAP Rule 28(b)(3), (7) and (c), as there are no compliant record references. Appellees' brief does not address the LIRAB's Dismissal Orders, and instead addresses the proceedings before the Director that are not before this court.

3

benefits.  In 2019, the Director filed Supplemental Decisions regarding Dean's benefits.

On March 9, 2022, the Director entered a Decision directing Employer to further compensate Dean for the injury, setting forth the terms of Dean's workers' compensation benefits, as well as an additional amount of "20% of $42,123.58 for failure to timely pay benefits . . . ."

**Appeal to the LIRAB**[4]

On March 30, 2022, Dean filed appeals from both of the March 9, 2022 Decisions regarding her June 30, 2014 and September 2, 2015 workers' compensation injuries.

On May 11, 2022, the LIRAB filed an Order to Show Cause (**OSC**) in both appeals, explaining that Dean's appeals from the March 9, 2022 Decisions were "untimely" and requesting that Dean respond to the orders to explain why the appeals should not be dismissed as untimely.[5]  The OSC set a hearing for June 30, 2022, at 9:00 a.m.

On May 26, 2022, Dean sent a letter to the LIRAB explaining that she "did not receive" the March 9, 2022 Decisions "for over 3 weeks after the hearing[,]" and that the

---

[4]    Hawaii Revised Statutes (**HRS**) § 386-87, quoted infra, imposes a twenty-day deadline to appeal a decision of the Director to the LIRAB.

[5]    The OSCs identically stated, among other things, that:

On March 9, 2022, the Director of Labor and Industrial Relations issued a decision.

On March 30, 2022, [Dean] filed an appeal of the Director's March 9, 2022 decision.

[Dean] and Employer shall respond to this Order to Show Cause why this appeal, filed on March 30, 2022 should not be dismissed as untimely.

You are hereby notified that a hearing on the Order to Show Cause is set for June 30, 2022 at 9:00 a.m., Hawaii Standard Time, or as soon thereafter as the parties may be heard by the Board.

hearings officer advised her to send her appeal from the March 9, 2022 Decisions "before the end of the month[,]" which caused a "one day delay in submitting [the] appeal[s]."

On June 30, 2022, the record reflects that the LIRAB conducted an OSC hearing with Dean and "Employer's counsel" present. There is no transcript of the June 30, 2022 OSC hearing. We infer that Dean and Employer's counsel were present at the June 30, 2022 OSC hearing from the procedural history set forth in the Dismissal Orders.

On July 5, 2022, the LIRAB filed identical Dismissal Orders under both appeals,[6] and made the following Findings of Fact and Conclusions of Law **(FOFs/COLs):**

FINDINGS OF FACT

1. The Director's decision was dated and sent to the parties on March 9, 2022.

2. The due date for filing a timely appeal in this case was March 29, 2022.

3. [Dean]'s appeal of the decision was filed with the Disability Compensation Division on March 30, 2022, one (1) day after the due date for filing March 29, 2022.

CONCLUSIONS OF LAW

[Dean]'s appeal was filed beyond the mandatory limitation period and is, thereby, dismissed as untimely. "A decision of the director shall be final and conclusive between the parties ... unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department." Section 386-87(a), HRS.

The Hawaii Supreme Court has declared that the time for filing a written notice of appeal is mandatory. Kissell v. Labor and Industrial Relations Appeals Board, 57 Haw. 37, 38, 549 P.2d 470 (1976).[7]

---

[6] The Dismissal Orders stated: "The sole issue determined in this Decision and Order is the timeliness of [Dean]'s appeal pursuant to §386-87(a), Hawaii Revised Statutes[.]" (Emphasis added).

[7] In Kissell, the claimant appealed the trial court's judgment affirming the LIRAB's dismissal of claimant's appeal. 57 Haw. at 37,

> In the instant case the decision was sent to the parties on March 9, 2022 and [Dean]'s appeal was filed on March 30, 2022, one (1) day late. Accordingly, the mandatory nature of §386-87(a), HRS, requires dismissal of this appeal.

(Footnote added).  The LIRAB dismissed Dean's appeal from the March 9, 2022 Decisions, and Dean timely appealed from both Dismissal Orders.

Dean does not challenge the LIRAB's FOFs/COLs beyond her assertion that the LIRAB was "required to exercise jurisdiction over the appeal" and that LIRAB's failure to exercise jurisdiction over her appeals deprived her of "adequate relief and entitlement to benefits."

HRS § 386-87 (2015), entitled, "Appeals to appellate board," provides in pertinent part:

> (a) A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89, unless <u>within twenty days after a copy has been sent to each party</u>, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department. . . .

(Emphasis added).  The time for filing a written notice of appeal as provided in HRS § 386-87(a) is mandatory.  <u>See</u> <u>Nickells v. Wal-Mart Stores, Inc.</u>, 98 Hawaiʻi 508, 510, 51 P.3d 375, 377 (App. 2002) (citing <u>Kissell</u>, 57 Haw. at 38, 549 P.2d at 470) (affirming the LIRAB's dismissal of appellant's appeal from the director's decision as "untimely" and "therefore barred by HRS § 386-87(a)").

Here, the record reflects that the Director mailed the two March 9, 2022 Decisions on March 9, 2022 to Dean; and Dean

---

549 P.2d at 470.  The Hawaiʻi Supreme Court held that the time period to file a written notice of appeal from the director's decision under HRS § 96-97, the previous version of HRS § 386-87, was "mandatory."  <u>Id.</u>  The supreme court affirmed the dismissal because the claimant's notice of appeal was "not timely filed in accordance with the provision of [§] 97-96."  <u>Id.</u> at 37, 549 P.2d at 471.

6

filed an appeal to the LIRAB by handwritten letter dated and file-stamped March 30, 2022. See Hawaiʻi Administrative Rules § 12-47-12 ("The file stamped date on the document shall be regarded as the date of the filing."). The LIRAB found in its FOFs/COLs that the "due date for filing a timely appeal" was "March 29, 2022," and that Dean's "appeal of the decision was filed with the Disability Compensation Division on March 30, 2022, one (1) day after the due date for filing March 29, 2022." Due to the mandatory nature of HRS § 386-87(a), the LIRAB dismissed Dean's appeal for untimeliness. Dean does not challenge the LIRAB's FOFs/COLs, and they are binding. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 125, 839 P.2d 10, 31 (1992) (citations omitted) (treating unchallenged COLs as "binding"); Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 173, 524 P.3d 355, 364 (App. 2022) (citation omitted) ("[F]indings of fact by [the] LIRAB [that] are unchallenged [are] binding on appeal."). In addition, without a transcript of the June 30, 2022 hearing on the OSCs, we are unable to assess the claims Dean raised in her May 26, 2022 letters that she sent to the LIRAB regarding why her appeal should not be dismissed. See HRAP Rule 10(b)(1)(A) (requiring a transcript request "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . ."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (citations, internal brackets, and internal quotation marks omitted)).

7

Because Dean's appeal to the LIRAB was filed more than twenty days from when she was sent the March 9, 2022 Decisions, the LIRAB was required to dismiss it pursuant to HRS § 386-87(a). See Nickells, 98 Hawai'i at 510, 51 P.3d at 377 (citing Kissel, 57 Haw. at 38, 549 P.2d at 470); Konohia v. Commodity Forwarders, Inc., No. CAAP-21-0000100, 2022 WL 1502566, at *1-2 (App. May 12, 2022) (SDO) (affirming the LIRAB's dismissal of appellant's appeal from the director's decision when appellant filed the appeal to the LIRAB one day past the mandatory deadline under HRS § 386-87(a)). The LIRAB's COL in this regard was correct.

Dean also appears to raise a number of arguments regarding the March 9, 2022 Decisions, which are not reviewable by this court. This court, by statute, may only review LIRAB's Dismissal Orders. See HRS § 386-88 (2015) (providing that for "appeals to the intermediate appellate court" of an "appellate board" such as the LIRAB, "the court shall review the appellate board's decision on matters of law only."); Kelly v. Metal-Weld Specialties, Inc., Nos. 27127, 27208, 2008 WL 4409419, at *2 n.1 (App. Sept. 30, 2008) (SDO) ("We do not address [Appellant]'s claims that the Director erred in its decisions because [Appellant] is appealing to this court from the decisions and orders of the LIRAB."). Dean appeals from the Dismissal Orders, which solely addressed the timeliness of Dean's appeal to the LIRAB, and our review is similarly limited. See Zhang v. State, Dep't of Land & Nat. Res., No. SCWC-11-0001106, 2016 WL 4182511, at *12 (Haw. Aug. 8, 2016) (mem.) (declining to address claimant's arguments for temporary total disability because "the LIRAB made no determination on those issues" and the issues were "not properly before" the supreme court (citations omitted)).

8

For the foregoing reasons, we affirm the July 5, 2022 Decisions and Orders, both filed by the Labor and Industrial Relations Appeals Board.

DATED:  Honolulu, Hawaiʻi, June 30, 2023.

On the briefs:

Augustina Dean,
Self-Represented Claimant-
Appellant.

James E. Halvorson,
Deputy Attorney General,
for Employer-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

9