**Electronically Filed
Supreme Court
SCWC-22-0000446
10-JUN-2024
09:09 AM
Dkt. 30 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

AUGUSTINA J. DEAN,
Petitioner/Claimant-Appellant-Appellant,

vs.

STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION,
Respondent/Employer-Appellee-Appellee,

and

STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION,
WORKERS' COMPENSATION UNIT,
Respondent/Insurance Carrier-Appellee-Appellee.

_____

SCWC-22-0000446

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000445; CASE NO. AB 2022-043, DCD NO. 2-15-40652
and CAAP-22-0000446; CASE NO. AB 2022-044, DCD NO. 2-16-40013)

JUNE 10, 2024

RECKTENWALD, C.J., McKENNA, AND EDDINS, JJ., AND
CIRCUIT JUDGE NAKAMOTO, IN PLACE OF DEVENS, J., RECUSED;
WITH GINOZA, J., CONCURRING SEPARATELY

OPINION OF THE COURT BY EDDINS, J.

**I.**

Hawai'i's workers' compensation law allows an employee to appeal a decision by the Director of the Department of Labor and Industrial Relations (Director) to the Labor and Industrial Relations Appeal Board (LIRAB).  Like most appeals, there's a deadline.  The employee must file a notice of appeal "within twenty days after a copy [of the decision] has been sent" to the employee.  Hawai'i Revised Statutes (HRS) § 386-87(a) (2015).

In this case, a self-represented claimant tried to appeal the Director's decision to the LIRAB.  The LIRAB refused to hear the case.  According to the board, the employee missed the deadline by one day.

The employee appealed.  The Intermediate Court of Appeals sided with the LIRAB.

A party's twenty-day appeal clock begins when the Department of Labor and Industrial Relations sends a decision. We hold that the LIRAB, the agency rejecting an appeal as untimely based on the Department's "sent" date, must have direct evidence that the decision was sent on that date.  In this case, the LIRAB did not have sufficient evidence.

We vacate the ICA's summary disposition order.  The employee may appeal to the LIRAB.

## II.

Since this appeal concerns jurisdiction, the underlying factual and legal circumstances are mostly immaterial. Former elementary school teacher Augustina Dean filed a workers' compensation claim.

Dean filed her request to the Director of the Department of Labor and Industrial Relations through the Department's Disability Compensation Division (DCD). Per HRS § 386-71 (2015), the Director heard Dean's claim. Dean maintained she had suffered a work-related injury.

Dean did not, the Director found. Dean then appealed to the LIRAB. See HRS § 386-87.

The LIRAB held a trial. Dean represented herself. The appeal board reversed the Director's decision. It ordered a new hearing. The Director held one on February 8, 2022.

On March 9, 2022, following that hearing, the Director entered a new decision awarding Dean $2,424.24 for "1% permanent partial disability of the whole person," and "medical care, services and supplies as the nature of the injury may require."

The Director's decision totaled five pages. The last page detailed the director's conclusion, its "Decision and Order."

It was dated March 9, 2022.  At the bottom of that page were the words:

APPEAL:  This decision may be appealed by filing a written notice of appeal with the Director of Labor and Industrial Relations or the Director's county representative within twenty days after a copy of this decision has been sent.

The record also contains a one-page document:

STATE OF HAWAII
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
DISABILITY COMPENSATION DIVISION

Case No.: **2-16-40013**

Date of Decision/Date Mailed: **3/9/2022**

☒ RECORD OF DECISION DISTRIBUTION
☐ RECORD OF ATTORNEY'S FEE DISTRIBUTION

☒ CLAIMANT = **AUGUSTINA J. DEAN**
☐ ATTORNEY FOR CLAIMANT
☒ INSURANCE CARRIER/SELF-INSURED = **SOH/DOE/WORKERS COMP UNIT**
☐ ATTORNEY FOR CARRIER/SELF-INSURED
☐ DEPARTMENTAL FIELD REPRESENTATIVE
☐ FISCAL OFFICE
☐ INVESTIGATION BRANCH
☐ LEGAL SECTION
☐ UNION (SPECIFY)_____
☐ OTHER (SPECIFY)_____
☐ OTHER (SPECIFY)_____
☐ DELINQUENT EMPLOYER _____

PROCESSED BY: ▓▓▓▓▓▓▓▓▓▓
(NAME)

WC-9a (Rev. 7/01)

The document preprints words that surround a forward slash, "Date of Decision/Date Mailed:."  One inputted date, 3/9/2022, follows two events.  A person (position unidentified and name redacted) "processed" the document.

It is not clear from the record whether DCD included this document in its mailing to Dean.  Without it, Dean would not have received any document even purporting to convey when the

4

decision was sent.  This would raise serious due process concerns.  See State v. Bani, 97 Hawaiʻi 285, 296, 36 P.3d 1255, 1266 (2001) (due process requires notice and an opportunity to be heard).  Since the record is unclear on this point, we base our decision on other grounds.

On March 30, 2022, the LIRAB received a two-page facsimile (common in late 20th century offices, "a system of transmitting and reproducing graphic matter . . . by means of signals sent over telephone lines."  Merriam-Webster, https://www.merriam-webster.com/dictionary/facsimile [https://perma.cc/9KX6-C8FS]).  From her residence in Arkansas, Dean faxed a cover sheet, and on a separate page hand-wrote that she wanted to appeal.

According to the LIRAB, Dean missed the deadline.  By one day.  (March 9, 2022 decision sent + 20 days = March 29, 2022 deadline.)

On May 11, 2022, the LIRAB issued an Order to Show Cause.  The LIRAB asked Dean to explain "why this appeal, filed on March 30, 2022 should not be dismissed as untimely."

Dean responded.  After receiving the order, she reached out to a DCD contact:

> I did not receive decision letter from DCD for over 3 weeks after the hearing.  I called and wrote email to facilitator and hearing officer regarding the mail that did not reach me.
>
> Resending me emails and mailing me decision letter took long time.  [DCD contact] advised me to send appeal before the end of the month.  I responded immediately and sent it on the 30th of April, [sic] 2022.  Due to the delays and

> non receipt in mail and email caused one day delay in submitting appeal.

The LIRAB refused to review Dean's workers' compensation claim appeal. It was too late. Citing Kissell v. Lab. & Indus. Rels. Appeals Bd., 57 Haw. 37, 38, 549 P.2d 470, 470 (1976) (per curiam), the LIRAB dismissed her appeal. It told Dean, "[t]he Hawai'i Supreme Court has declared that the time for filing a written notice of appeal is mandatory."

Still self-represented, Dean appealed to the ICA. She argued that the LIRAB had to exercise jurisdiction over her appeal.

The ICA affirmed the LIRAB's decision. Per HRS § 386-87(a), "the LIRAB was required to dismiss" Dean's appeal. Like the LIRAB, the ICA relied on Kissell. A deadline's a deadline.

We conclude that the Department did not offer adequate evidence that it mailed its decision on March 9, 2022. The "Date of Decision/Date Mailed" line on the DCD cover sheet followed by a single written date is insufficient to establish the deadline for Dean's appeal. We hold that the Department must clearly establish the date it "sent" a party a copy of a "decision of the director."

Therefore, Dean may appeal to the LIRAB.

**III.**

HRS § 386-87(a) sets the deadline for a party to appeal a Director's decision.  A worker must appeal "within twenty days after" the decision is "sent" to them:

> A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89, unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department.

HRS § 386-87(a).

The LIRAB received Dean's written notice of appeal on March 30, 2022.  So the key date is on the front end.  When did DCD send Dean the decision?

That date – controlled by DCD – sets the appeal's expiration date.  Here, the record lacks clear proof of when DCD mailed its decision to Dean.

The LIRAB reasons that a line on a cover sheet to the Director's decision sufficiently shows two things: (1) DCD decided Dean's case on March 9, 2022; and (2) DCD sent Dean the decision the same day.  Here's the line:

Date of Decision/Date Mailed: **3/9/2022**

The LIRAB *assumes* that the decision date and the mailing date are the same - March 9.  We conclude that the compound "Date of Decision/Date Mailed" with a single written date does not justify that assumption.

7

When an administrative appeals board decides that a mailing date renders an appeal untimely, "it [is] incumbent on [the original agency] to determine and prove the date of mailing." Waikiki Marketplace Inv. Co. v. Chair of Zoning Bd. of Appeals of City & Cnty. of Honolulu, 86 Hawai'i 343, 350, 949 P.2d 183, 190 (App. 1997).  The agency bears the burden of proof.  It must show a decision was actually mailed, "i.e., deposited in a United States Post Office or post office box."  Id.  Here, DCD must show, and the LIRAB must have sufficient basis to find, when the decision was sent.

In Waikiki Marketplace, the Zoning Board of Appeals asked the ICA to presume that a decision was mailed on August 27 because it arrived by certified mail on August 28.  Id.  The ICA declined to do so.  Id.  The decision could have been mailed and delivered on the same day, and the agency failed to produce any evidence of the mailing date.  Id. at 349-50, 949 P.2d at 189-90.

Here, DCD's form preprinted two events ("Date of Decision/Date Mailed:") followed by a roomy line.  The person who processed the form listed only one date.  The decision *might* have been made and mailed on the same day.  But there is no direct evidence of mailing.

The record does not clearly establish that the appeal window opened on March 9, 2022 and shut on March 29, 2022.

Thus, since any post-March 9 DCD mailing day would mean Dean's March 30, 2022 appeal met the deadline, Dean's case may continue.

We hold that because DCD controls the start time to appeal its decision or order, and by extension the end time, it must establish the start date by clear, direct evidence.

The policy rationales behind workers' compensation and access to justice for do-it-yourself parties inform our application of a clear and direct evidentiary standard.

This court honors HRS chapter 386's "broad humanitarian purpose" to compensate employees injured on the job. Van Ness v. State, Dep't of Educ., 131 Hawai'i 545, 558, 319 P.3d 464, 477 (2014). We keep the law's compensatory goal in mind. See Alvarez v. Liberty House, Inc., 85 Hawai'i 275, 278, 942 P.2d 539, 542 (1997) ("To read HRS § 386-89 as not tolling the HRS § 386-87 time limitation would be contrary to the goals of the workers' compensation statute and would unjustly result in a technical forfeiture of the claimant's right to appeal a DLIR's decision to the LIRAB.").

This court also cuts self-represented litigants some slack to access justice. See Makila Land Co., LLC v. Kapu, 152 Hawai'i 112, 121, 522 P.3d 259, 268 (2022) (summarizing our approach to self-represented parties). Hawai'i law espouses access to justice principles. Waltrip v. TS Enters., Inc., 140 Hawai'i

9

226, 239, 398 P.3d 815, 828 (2016).  We construe self-represented filings to pave a route to relief and an opportunity to be heard.  Erum v. Llego, 147 Hawai'i 368, 381, 465 P.3d 815, 828 (2020).  Our law prefers adjudication on the merits.  JK v. DK, 153 Hawai'i 268, 274, 533 P.3d 1215, 1221 (2023).

To avoid messy disputes about when DCD sent a Director's decision, we believe that a validated document, like a certificate of service or a postal service certificate of mailing, shows that the decision was sent to a worker on a specific date.  See Waikiki Marketplace, 86 Hawai'i at 349–50, 949 P.2d at 189–90 (noting the absence in the record of "a postmarked envelope or certificate of mailing").  DCD could adopt a certificate of service from Form E-3 of the Rules of the Circuit Courts of the State of Hawai'i ("The undersigned certifies . . . .").

These approaches are by no means the only way to go.  These examples provide direct evidence of when a party's appeal clock begins to tick.  In contrast, the "Processed by" line and the composite "Date of Decision/Date Mailed" line with only one written date proves little.

**IV.**

We now address Kissell v. LIRAB.  In denying Dean's request to have her case heard on the merits, the LIRAB told Dean that

Kissell "has declared that the time for filing a written notice of appeal is mandatory." See Kissell, 57 Haw. at 38, 549 P.2d at 470. That case prevented her appeal, the LIRAB explained. The ICA cited Kissell too. Because the LIRAB and ICA relied on Kissell, we discuss it.

Kissell interpreted HRS § 386-87's predecessor, then-Revised Laws of Hawai'i § 97-96 (Supp. 1963). Id. at 37, 549 P.2d at 470. Much like HRS § 386-87, that law said: "A decision of the director shall be final and conclusive between the parties, . . . unless within thirty days after a copy has been sent to each party, either party appeals therefrom by filing a written notice of appeal with the director or his county representative." Id. Kissell concluded that the filing deadline was "mandatory." Id. at 38, 549 P.2d at 470. So Kissell's appeal, filed two months after the Director's decision was sent, was untimely. Id.

All Kissell said in its two pages is that the plain language of a deadline statute applies. Kissell added nothing beyond the statute. It did not speak to the amount of evidence needed to establish when a decision was sent. Thus, it does not foreclose Dean's appeal.

11

**V.**

We vacate the ICA's summary disposition order and remand to the LIRAB to address the merits of Dean's appeal.

Augustina J. Dean
(on the briefs)
petitioner

James E. Halvorson
(on the briefs)
for respondent

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Henry T. Nakamoto

